■ JESUS VASQUEZ, Respondent, v ST. LUKE'S-ROOSEVELT HOSPITAL et al., Respondents, and JAMES B. GABRIEL, M.D., Appellant. [746 NYS2d 485]

Defendant Dr. Gabriel did not meet his burden to prove that no questions of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In support of his motion for summary judgment, defendant Dr. Gabriel stated that he had nothing to do with plaintiff's care at defendant hospital, and that this is not the first time he has been confused with another "Gabriel" connected with defendant hospital. In opposition, plaintiff submitted portions of his hospital record showing the name "Gabriel" but whose first name could not be read. While the hospital's director of risk management corroborated defendant Gabriel's denial of ever having seen plaintiff, and while the hospital cross-moved for a change of venue on the ground that defendant Gabriel, whose residence is the only connection to Bronx County, never saw plaintiff, the hospital was silent as to the existence of the other Gabriel. The motion court's approach to this silence and the resulting unresolved issue of fact was prudent: it kept defendant Gabriel in the case while directing "defendants" to verify the existence of this other Gabriel and whether he or she ever saw plaintiff. Including defendant Gab-

riel as well as defendant hospital in its disclosure directive, which was made in response to plaintiff's cross motion, does not appear to have been an inadvertence, as defendant Gabriel suggests, since, having been confused before with the other Gabriel, defendant Gabriel could be expected to have some information. Defendant Gabriel's argument that the hospital records relied on by plaintiff were neither authenticated nor certified as required by CPLR 4518, and therefore should not have been considered, is raised for the first time on appeal, and we decline to consider it. Defendant Gabriel's motion to renew was properly denied on the ground that it raised no new facts (CPLR 2221 [e] [2]). Rather, the motion, in effect, sought only to reargue the prior order insofar as it imposed a burden on defendant Gabriel to identify the other Gabriel. Concur—Buckley, J.P., Lerner, Rubin and Marlow, JJ.

Rosenberger, J., dissents in a memorandum as follows: James Gabriel established that he was not the Dr. Gabriel who had attended plaintiff. This was accomplished through his affirmation, together with the affidavit of the Director of Risk Management, St. Luke's-Roosevelt, which corroborated James Gabriel's affirmation through an analysis of hospital records. All that plaintiff offers in opposition is that someone with the name of Gabriel attended him. There is no showing whatever that that doctor was this defendant.

While it is clear that both James Gabriel and St. Luke's are being evasive and noncooperative in identifying the Dr. Gabriel who attended plaintiff, this does not create an issue of fact in the case. There are discovery devices and sanctions available to remedy the withholding of information. A defendant who has established a clear right to summary judgment should not be held hostage even for other worthy purposes. I would grant James Gabriel's motion for summary judgment.